LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────────────

JOSE LOPEZ and RODOLFO VILLA,
*on behalf of themselves,*
*FLSA Collective Plaintiffs and the Class*,

        Plaintiffs,

    v.

E.N. MODERN STYLE, INC,
and ERIEL MORALES PENA,

        Defendants.
─────────────────────────────────────────

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

        Plaintiffs, JOSE LOPEZ and RODOLFO VILLA (hereinafter, "Plaintiffs"), on behalf of themselves, FLSA Collective Plaintiffs and the Class, by and through their undersigned attorney, hereby file this Complaint against Defendants, E.N. MODERN STYLE, INC, and ERIEL MORALES PENA ("Defendants") and state as follows:

## INTRODUCTION

1.  Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) liquidated damages and (4) attorneys' fees and costs.

2.  Plaintiffs further allege that, pursuant to the New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs, FLSA Collective Plaintiffs and members of the Class pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff, JOSE LOPEZ, is a resident of Queens County, New York.

6.  Plaintiff, RODOLFO VILLA, is a resident of Queens County, New York.

7.  Defendant, E.N. MODERN STYLE, INC, is a corporation organized under the laws of Florida, with a principal place of business and an address for service of process located at 1214 OLMSTEAD AVENUE, BRONX, NEW YORK, 10462.

8.  Defendant, ERIEL MORALES PENA, is the Chairman or Chief Executive Officer of Defendant, E.N. MODERN STYLE, INC. ERIEL MORALES PENA exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and

members of the Class. With respect to Plaintiffs, other FLSA Collective Plaintiffs and members of the Class, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.  Plaintiffs were hired, and their employment was terminated, directly by ERIEL MORALES PENA. At all times, employees of E.N. MODERN STYLE, INC could complain to ERIEL MORALES PENA directly regarding any of the terms of their employment, and ERIEL MORALES PENA would have the authority to effect any changes to the quality and terms of employees' employment. ERIEL MORALES PENA directly reprimanded any employee who did not perform his duties correctly. ERIEL MORALES PENA exercised functional control over the business and financial operations of the Corporate Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.   Plaintiffs brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to, drivers, construction workers (which include laborers, installers, helpers, machine operators), and painters employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to (i) pay them overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek, and (ii) pay them minimum wages. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

11. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12. Plaintiffs bring claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees including, but not limited to, drivers, construction workers (which include laborers, installers, helpers, machine operators), and painters who were unjustly compensated, throughout New York State, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

13. All said persons, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that number depends are presently within the sole control of Defendants, there are more than forty (40) members of the Class.

4

15. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to provide proper wage and hour notices to Class members per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by

addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants failed to properly compensate Plaintiff and Class members at the prevailing minimum wage rate;

e) Whether Defendants failed to properly compensate Plaintiffs and Class members for overtime under state and federal law for all hours worked over 40 per workweek;

f) Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

g) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

### *Plaintiff Jose Lopez*

20. In or about November 2017, Plaintiff, JOSE LOPEZ, was hired by Defendants and/or their predecessors, as applicable, to work as a construction worker for Defendants' construction company, E.N. MODERN STYLE INC, located at 1214 Olmstead Avenue, Bronx, NY 10462. Plaintiff LOPEZ continued working for Defendants until June 2018.

21. During Plaintiff LOPEZ's employment by Defendants, he worked over forty (40) hours per week. Plaintiff LOPEZ worked 6 days a week for 8.5 hours per day, from 7:00 am to 3:30 pm. Plaintiff LOPEZ received a fixed salary of $180.00 per day, regardless of his actual hours worked.

There was never any agreement that Plaintiff LOPEZ's fixed salary was intended to cover his overtime compensation.

22. Plaintiff LOPEZ was not paid for the last month of his employment.

### Plaintiff Rodolfo Villa

23. In or about April 2018, Plaintiff, RODOLFO VILLA, was hired by Defendants and/or their predecessors, as applicable, to work as a construction worker for Defendants' construction company, E.N. MODERN STYLE INC, which is located at 1214 Olmstead Avenue, Bronx, NY 10462. Plaintiff VILLA continued working for Defendants until June 2018.

24. During Plaintiff VILLA's employment by Defendants, he worked over forty (40) hours per week. Plaintiff VILLA worked 6 days a week for 8.5 hours per day, from 7:00 am to 3:30 pm. Plaintiff VILLA only received a one-time $1,000 for his entire work period.

25. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs the prevailing minimum wage under either the FLSA and the New York Labor Law.

26. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs, FLSA Collective Plaintiffs or members of the Class for all hours worked in excess of forty (40) hours per week.

27. Defendants knowingly and willingly failed to pay Plaintiffs, FLSA Collective Plaintiffs and Class members regular and overtime wages for all hours worked.

28. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs, at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

29. Defendants knowingly and willfully failed to provide to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

30. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and members of the Class in this litigation, and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

31. Plaintiffs reallege and reaver Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

33. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

34. At all relevant times, Defendant, E.N. MODERN STYLE, INC, had gross revenues in excess of $500,000.

35. At all relevant times, the defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, FLSA Collective Plaintiffs and the Class.

36. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, FLSA Collective Plaintiffs and the Class are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

38. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs are due a presently unascertainable amount of unpaid compensation , plus an equal amount as liquidated damages.

39. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs, and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

41. Plaintiffs reallege and reaver Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

43. Defendants willfully violated Plaintiffs' rights by failing to pay them at the statutory rate of minimum wage required under the New York Labor Law.

44. Defendants willfully violated the rights of Plaintiffs and Class members, by failing to pay Plaintiffs and Class members the proper overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

45. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

46. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

47. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

11

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid minimum wage due under the FLSA and the New York Labor Law;

d.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e.    An award of statutory penalties as a result of Defendants' failure to comply with the New York Labor Law wage notice and statement requirements;

f.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular and overtime compensation pursuant to the FLSA and New York Labor Law;

g.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h.    An award of statutory penalties, and prejudgment and post-judgment interest;

i.    Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

j.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: December 27, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: ___*/s/ C.K. Lee*_____
        C.K. Lee, Esq. (CL 4086)